UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH L. KELLY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 4:13CV01231 TIA |
| JAY CASSADY, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motions for Appointment of Counsel (Docket Nos. 6 and 11) and for Judgment of Acquittal Notwithstanding the Verdict, Vacation of Sentence, or, in the Alternative, a New Trial (Docket No. 17). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On June 21, 2013, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in federal court. On September 27, 2013, Respondent filed a Response to Order to Show Cause.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings…" McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). In order to determine whether appointment of counsel is appropriate, the court must consider "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." Id. (citations omitted). In the instant case, Petitioner raises four grounds for habeas relief in his Petition. In the Traverse, Petitioner thoroughly discusses the grounds, including legal argument. A review of the Petition shows Petitioner's grounds do not

appear to be factually or legally complex. Further, review of the Petition and Traverse demonstrates that Petitioner is able to articulate his claims in a clear, concise manner and support his allegations with case law. Because Petitioner has demonstrated an ability to adequately present his claims without an attorney, his motions for appointment of counsel will be denied at this time. Likewise, a review of the file shows the materials and exhibits entered into the record to be sufficient to determine Petitioner's claims.

In his Motion for Judgment of Acquittal Notwithstanding the Verdict, Vacation of Sentence, or, in the Alternative, a New Trial, Petitioner merely requests the Court to grant him the relief sought in his pending petition. Because the matter is before the Court on the pending petition, the motion is an extraneous pleading.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motions to Appoint Counsel (Docket Nos. 6 and 11) are **DENIED**. If the Court later determines that counsel is necessary, the appropriate order will be issued.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Judgment of Acquittal Notwithstanding the Verdict, Vacation of Sentence, or, in the Alternative, a New Trial (Docket No. 17) is **DENIED AS MOOT**.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this __13th__ day of February, 2013.   .